HC
M.

## UNITED STATES DISTRICT COURT
### FOR THE   NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| ABDULKADIR SALIM | ) Civil Action No. _____ |
| Petitioner, | ) |
| v. | ) |
| JOHN ASHCROFT, ATTORNEY GENERAL; MICHEAL GARCIA | ) ICE FILE NO. A78-138-052 |
| IMMIGRATION AND NATURALIZATION SERVICE COMMISSIONER; AND CRAIG ROBINSON | ) |
| INS DISTRICT DIRECTOR FOR THE ALABAMA/LOUISIANA DISTRICT OFFICE, | ) CV-04-AR-1262-M |
| Respondents. | ) |

## PETITION FOR A WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241

Petitioner, Abdulkadir Salim , hereby petitions this Court for a

writ of habeas corpus to remedy Petitioner's unlawful detention by Respondents.  In

support of this petition and complaint for injunctive relief, Petitioner alleges as

follows:

### CUSTODY

1.  Petitioner is in the physical custody of Respondents and the Immigration

and Naturalization Service ("INS").  Petitioner is detained at the _____

ETOWAH COUNTY DETENTION CENTER                                                    in

GADSDEN, ALABAMA                                                                    .

1

Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104 - 208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 - 500 (1973), venue lies in the United States District Court for the Northern District of Alabama _____, the judicial district in which Petitioner is currently detained.

## PARTIES

5.  Petitioner is a native and citizen of _SUDAN_____. Petitioner was first taken into ICE custody on _JUNE 10, 2000_____, and has remained in ICE custody continuously since that date. Petitioner was ordered removed on _December 2000_____, _after his Asylum Claim was_____ denied by the Immigration Judge._____.

6.  Respondent _JOHN ASHCROFT_____ is the Attorney General of the United States and is responsible for the administration of the ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Ashcroft has ultimate custodial authority over Petitioner.

7.  Respondent _MICHEAL GARCIA_____ is the Secretary     of the ICE He is responsible for the administration of the ICE  and the implementation and enforcement of the INA.  As such, Mr.GARCIA is the legal custodian of Petitioner.

8.  Respondent _CRAIG ROBINSON_____ is the District Director of the ALABAMA/LOUISIANA__ : District Office of the     and is Petitioner's immediate custodian.

## FACTUAL ALLEGATIONS

9.  Petitioner, _ABDULKADIR SALIM_____, is a native and citizen of _SUDAN_____. Petitioner has been in ICE custody since _June 10,2000_____. An Immigration Judge ordered the Petitioner removed on _December 2000,_____ _after denying his Application for Political Asylum_____.

10.  _Petitioner did not appeal the denial of_____

3

his APPLICATION For Asylum and Withholding of Removal and/or Relief under Convention Against Torture.

11.  Soon after the removal Order became final, the ICE began an effort to effectuate Petitioner's removal to Sudan. All attempts to secure a Travel Document from the Sudanese Embassy/Consulate were unsuccessful.

12.  Upon information and believe, the ICE secured a false Travel-Document from an unknown source and attempted to remove the petitioner with this document, but the ICE's forgery was discovered and the April 17, 2001, removal attempt was aborted.

13.  To date, however, the INS has been unable to remove Petitioner to SUDAN or any other country. The Country of Sudan has refused to accept the Petitioner because of its bad relationship with the United-States and because of its practice of not accepting its Citizens who sought Asylum or Refugee Status in Foreign Countries, especially the United States.

4

14.  Petitioner has cooperated fully with all efforts by the INS to remove him from the United States.  He had written several letters to the Sudanese Consulate requesting for a Travel Document for his removal, but none of his letters were answered.

15.  Petitioner's custody status was first reviewed on May 10, 2001. On the same date, Petitioner was served with a written decision ordering his/her continued detention.

16.  On 6/21/04, Petitioner was served with a notice transferring authority over his/her custody status to the INS Headquarters Post-Order Detention Unit ("HQPDU").  The HQPDU by a Decisio rendered on 10/12/2001 Continued the Petitioner's Detention- simply noting that "The INS is pending receipt of your (petitioner)'s travel document and you will be removed in the reasonably foreseeable future. However, three years after that benchmark, no Travel document has been obtained and Salim remains in detention.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

17.  In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court in held

that six months is the presumptively reasonable period during which INS may

detain aliens in order to effectuate their removal. <u>Id.</u> at 702.  Interim

administrative regulations also recognize that the HQPDU has a six-month period

for determining whether there is a significant likelihood of an alien's removal in the

reasonably foreseeable future. 8 C.F.R. § 241.13(b)(2)(ii).

18.  Petitioner was ordered removed on <u>December, 2000</u>, and the removal

order became final on <u>December 2000</u>.  Therefore, the six-month presumptively

reasonable removal period for Petitioner ended on _____.

### CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

19.  Petitioner re-alleges and incorporates by reference paragraphs 1 through

18 above.

20.  Petitioner's continued detention by Respondents is unlawful and

contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in <u>Zadvydas</u>.

The six-month presumptively reasonable period for removal efforts has expired.

Petitioner still has not been removed, and Petitioner continues to languish in

detention.  Petitioner's removal to <u>SUDAN</u> or any other country

is not significantly likely to occur in the reasonably foreseeable future.  The

Supreme Court held in <u>Zadvydas</u> that the INS's continued detention of someone like Petitioner under such circumstances is unlawful.

COUNT TWO

SUBSTANTIVE DUE PROCESS VIOLATION

21. Petitioner re-alleges and incorporates by reference paragraphs 1 through 20 above.

22. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint.

23. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. <u>Zadvydas</u> recognized that the INS may continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which INS may detain an alien is only six months. Petitioner has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

7

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

24.  Petitioner re-alleges and incorporates by reference paragraphs 1 through 23 above.

25.  Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that s/he should not be detained.  Petitioner in this case has been denied that opportunity.  The INS does not make decisions concerning aliens' custody status in a neutral and impartial manner.  The failure to Respondents to provide a neutral decisionmaker to review the continued custody of Petitioner violates Petitioner's right to procedural due process.  To the extent that the Respondents may want to argue that as an Inadimissible alien, Salim is not entitled to relief under ZADVYDAS, the Supreme Court had taken up the review of this question, see Benitez v.Wallis, 124 S. ct. 1143 (US Jan.14, 2004). This Court should release Petitioner pending decision by the Supreme Court.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1)  Assume jurisdiction over this matter;

2)  Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3)  Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

8

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), <u>as amended</u>, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.


I affirm, under penalty of perjury, that the foregoing is true and correct.


ABDULKADIR SALIM,#A78-138-052          06/14/04
Petitioner                             Date executed

ETOWAH COUNTY DETENTION CENTER
827 FORREST AVENUE

GADSDEN, ALABAMA 35901


9

## ADDENDUM TO PETITION FOR WRIT OF HABEAS CORPUS

**The Court Should Find that the Government Has no Statutory Authority to Detain the petitioner, a non-criminal alien, because the 90 Days Removal period has since expired.**

The Department of homeland Security has a 90 days removal period, if possible, to effect an alien removal from the United States. See **Benitez v. Wallis,** 337 F.3d. 1289, 1293-94 (11th Cir. 2003); **Xi v. INS,** 298 F.3d. 832, 840 n.6 (9th Cir. 2002).

The Statute further provides that, if the DHS is unable to effect the removal of an alien , within the removal period, the alien is to be released subject to supervision. See **In re Soliman,** 134 F. Supp.2d. 1238, 1246 (N.D. Ala. 2001) citing 8 USC 1231(a)(3). Such supervision includes requiring the alien to periodically appear before an immigration officer for identification. etc. **id** at 1246-47.[1]

Under limited circumstances, the Attorney General may detain beyond the 90 days removal period, certain alien who have committed Aggravated felonies, and aliens who are flight risk. **Benitez,** 337 F.3d. 1289, 1293-94.

In this case, petitioner had not committed any crimes in the United States. He is not especillly dangerous, and there is no indication in the records that he is a flight risk. Although the INS in one of its decision to continue detention

---

[1] - This removal period can be extended beyond the 90 days, if the alien thwarts or hinders the removal proccess. See 8 USC 12319a)(c). However, this provision is inapplicable here because the government did not serve Salim with Notice of Failure to Comply informing Salim that his removal period has been suspended pursuant to 8 CFR 241.4(g)(5)(ii). Moreover, the aborted 2001 removal efforts was due to the INS attempt to remove the Petitioner with a Fake travel document, and the Air-france discovery of the forgery. ICE's claim that Petitioner's action causes the disruption to this attempted illegal deportation is not credible and should be rejected.

-1-

inferred that Salim posed a risk of flight because he refused to Board an Air-france

Flight. What the ICE did not reveal is that Salim indeed borded the Flight all

the way to France before the forgery of a Sudanese travel Document was discovered

and before the Air-France  employee refused to Fly Salim with a forged travel

document and/or with handcuff.

Even assuming that Salim did hinder his removal in 2001, which he did not. he

had since been making several attempts to secure Travel Document for his removal.

and he has since been co-operating with ICE's efforts to remove him, but to no avail.

In fact,  one of ICE's decision noted that it is currently awaiting a travel

document several months ago, and such Travel documents had not yet been received.

Based on the circumstances presented herein, this court should find that

since the 90 days removal period had run, either from the date of the first bothched

removal in 2001, and/or the time Salim's removal order became final, the government

is no longer authorized to continue the detention of this non-criminal alien.

it should therefore order his release under an order of Supervision.  See generally,

**Ulysse v. Department of homeland Security**, 291 F.Supp. 2d. 1318 (M.D. Fla. 2003)

[Ordering the release of "inadmissible" non criminal alien from custody, after

the expiration of the 90 days removal period, where the Government made no attempt

to effect removal within the 90 days removal period].

To the extent that the respondents may want to argue that **Zadvydas** rationale

did not apply to Petitioner, an inadmissible alie, the Supreme Court has aggreed

to review the 11th circuit's decision in **Benitez,** and therefore the court should

order Petitioner's release pending the Supreme Court's decision in that case.

In any event, even in the absence of **Zadvydas**, the DHS is bound by its own

regulation, and had violated this regulation by detaining Salim for for four

years without any justification. thus, he must be released from custody.

Dated: June 13, 2004.                    Respectfully Submitted,

*Salim AbdulKadir*

AbdulKadir Salim
Petitioner, Pro-Se

EXHIBIT 1

REQUESTS FOR TRAVEL DOCUMENTS SENT  TO SUDANESE EMBASSY

SALIM  ABDULKADIR  IBRAHIM
A# 78138052
827 FORREST AVE
GADSDEN, AL 35901

MAY 5, 2004

EMBASSY OF THE REPUBLIC OF SUDAN
2210 MASSACHUSSETTS AVE, N.W
WASHINGTON. DC  20008

RE: APPLICATION   FOR   TRAVEL   DOCUMENTS

SIR/MADAM

MY NAME IS  SALIM, ABDULKADIR IBRAHIM, I AM A NATIONAL OF SUDAN, I WAS BORN IN WAU, SOUTHERN SUDAN. I CAME TO THE UNITED STATES  OF AMERICA THROUGH  CALI, COLUMBIA ON 06-10-2000.

I AM CURRENTLY BEING DETAINED BY THE UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE IN GADSDEN, ALABAMA. I RECIEVED A FINAL ORDER OF MY REMOVAL ON DECEMBER 2000 BACK TO SUDAN BUT I HAVE NOT YET BEEN REMOVED. THE INS HAS BEEN UN ABLE TO OBTAIN MY TRAVEL DOCUMENTS FOR ME SO THAT I CAN BE SEND BACK TO SUDAN.

I AM WRITTING YOU TO REQUEST FOR TRAVEL DOCUMENTS. I WOULD GREATLY APPRECIATE YOUR ASSISTANCE IN THIS MATTER. IF YOUARE UNABLE TO ISSUE TRAVEL DOCUMENTS, PLEASE SEND ME A LETTER STATING THAT TO THE ADRESS ABOVE. THE FOLLOWING INFORMATION SHOULD HELP YOU IDENTIFY ME AS A NATIONAL OF SUDAN.

MY NAME:- SALIM, ABDULKADIR IBRAHIM, 12-22-1959 WAU, SUDAN
MY FATHERS NAME: IBRAHIM SALIM — WAU, SUDAN
MY MATHERS NAME:- ZUBEYDA AHMED — TORIT, SUDAN

SINCERELY

SALIM, ABDULKADIR IBRAHIM
Salim Abdulkadir
(SIGNED)

SALIM ABDULKADIR IBRAHIM
A# 78138052
827, FORRESTAVE
GADSDEN, AL 35901

MAY 5, 2004

THE COUNSELOR
SUDAN MISSION
305 E 4th S
MANHATTAN, NY 10017

REF: TRAVEL DOCUMENT FOR:- SALIM, ABDULKADIR IBRAHIM
A# 78138052.

SIR/MADAM

MY NAME IS SALIM, ABDULKADIR IBRAHIM, I AM A NATIONAL OF SUDAN, I WAS BORN IN WAU, SOUTHERN SUDAN. I CAME TO UNITED STATES OF AMERICA THROUGH CALI, COLUMBIA ON 06-10-2000.

I AM CURRENTLY BEING DETAINED BY THE UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE IN GADSDEN, ALABAMA. I RECIEVED A FINAL ORDER OF MY REMOVAL ON DECEMBER 2000 BACK TO SUDAN, BUT I HAVE NOT YET BEEN REMOVED. THE INS HAS BEEN UN ABLE TO OBTAIN MY TRAVEL DOCUMENT FOR ME SO THAT I CAN BE SEND BACK TO SUDAN. I WAS BROUGHT TO YOUR OFFICE IN NEW YORK BY INS TO HAVE INTEVIEW TO OBTAIN MY TRAVEL DOCUMENT IN 2001, BUT ANABLE TO DO SO BECAUSE, I WAS DENIE BY COUNSEL ANAS ALTAYEEB.

I AM WRITING AGAIN TO REQUEST FOR TRAVEL DOCUMENTS. I WOULD GREATLY APPRECIATE YOUR ASSISTANCE IN THIS MATTER. IF YOU ARE UNABLE TO ISSUE TRAVEL DOCUMENT, PLEASE SEND ME A LETTER STATING THAT TO THE ADRESS ABOVE THE FOLLOWING INFORMATION SHOUL HELP YOU IDENTIFY ME AS A NATIONAL OF SUDAN.

MY NAME: SALIM, ABDULKADIR IBRAHIM = 12-22-1959 WAU, SUDAN
MY FATHERS NAME: IBRAHIM SALIM =5, SHARIA EL NILE, WAU, SUDAN
MY MOTHERS NAME:- ZUBEYD AHMED = TORIT SUDAN
SINCERELY:- SALIM, ABDULKADIR IBRAHIM
Salim Abdulkadir
(SIGNED)

Mr. Salim, Ibrahim Abdul Kadir
A# 78138052
Route 3, box 22 -100
Newton, Tx 75966

02 - 16 - 04

The Counselor.
Sudan Mission
305 E 47th S
Manhattan, NY 10017

Ref:- Travel Document for Salim, Ibrahim Abdulkad
From Your office.                    A# 78138052

I am writing this latter to request for my
travel document from your office, to go back to the origi
of my country Sudan.

I was born in 12-12-1959 in the city of Wau
Sudan. My father also a citizen of Sudan by the
name Salim, Ibrahim, my mother is also a citizen
of Sudan was born at Toriti, by the name
Zubeyda Ahmed.

I left Wau in 1984 after my father passed
away there. After in 1987 was my last contact
with my family that I have discovered my mother
passed away.

I have spent most of my younger life in
different part of the country.

Dear counselor, I was brought to your office
in New York by INS to have interview to obtain
a travel document in Feb 2001, but anable to
do so because. I was denied citizenship
to the origen of my country Sudan
by counselor Anas Altayeeb.

I am demanding this counsel to
conseder the matter an plea to
your office to issue me a
travel document expedusously to enter
freedom that I have been denied for
the last 3 and half years

I HOPE AND PRAY TO YOU THAT YOUR
OFFICE UNDESTED MY SEFARING AND
ALAN ME TO ENTER THE ORIGIN
OF MY COUNTRY

IF YOU NEED MORE INFORMATION
PLEASE FEEL FREE TO CONTACT ME

SINSERLY
SALIM, IBRAHIM, ABDULKADIR

C.C :- OFFICE BISTRICT COUNSEL
IMMIGRATION NATURALIZATION SERVICE
ATT:- R. VALTIERRA
126 NOTH POINT
HOUSTON, TX 77060

EXHIBIT  2

REQUEST TO ICE FOR RELEASES AND CASE STATUS

Valtierrs 12/08/03

# DETAINEE QUESTION REQUEST FORM

DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION AND CUSTOMS ENFORCEMENT
350 MAGNOLIA STREET, SUITE# 103
BEAUMONT TEXAS, 77701
FAX: 409-839-2593

A# - 78138052      DORM : 64 - bed 18

NAME: Salim  Abdul Kadir

DATE ARRESTED: 10th of JUNE  2000

WHERE ARRESTED: INT AIRPORT

ARRESTED FOR:  ASYLUM

DOCUMENTS ISSUED TO DETAINEE: _____

DATE SAW IMMIGRATION JUDGE: 5th of Dec 2000

DATE SAW CONSULATE: - 2001

QUESTION: ① Please  I been in Custody 3 years and 6 months, let me know about my case when you will let me go?

② or when you will take me to court?

③ When you will let me know about my situation?

④ When you will call Me to your office so we can discuss about it what we are going to do?

VOLUNTARY RETURN: DETENTION NO LONGER THAN 7 DAYS

ALL OTHERS, DEPENDS ON CASE?

Thank you to Let Me know

Sir,

1. Your New Case Officer Will be Scheduling Your Case for review in the Next Month.

2. You won't go to Court, You were inadmissable at entry.

3. When You come in for Your 90 Day Review.

4. When You come in for Your 90 Day Review.

D.O.W,  _____  12/31/03

**DETAINEE QUESTION REQUEST FORM**

DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION AND CUSTOMS ENFORCEMENT
350 MAGNOLIA STREET, SUITE# 103
BEAUMONT TEXAS, 77701
FAX: 409-839-2593

A# - *78138052*         DORM : *18—64*

NAME: *Salim AbdulKadir*

DATE ARRESTED: *June, 10 - 2000*

WHERE ARRESTED: *HUOSTON INTERNATIONAL AIRPORT*

ARRESTED FOR: *POLITICAL ASYLUM*

DOCUMENTS ISSUED TO DETAINEE: _____

DATE SAW IMMIGRATION JUDGE: *December 5, 2000*

DATE SAW CONSULATE: *AT - 2001*

QUESTION:

*Sir, I been in custody all most 3 year 5 months, I want to know about my case, what are you going to do to Me?*

*And let me know who is my D.P.O officer? So I can communicat with Him.*

*Thank You*

VOLUNTARY RETURN: DETENTION NO LONGER THAN 7 DAYS

ALL OTHERS, DEPENDS ON CASE?

*Your Officer is D.O. Valtierra. You Know Your case is complicated, but it has Not Changed. Are You Still claiming Asylum?*

Coppie

Salim AbdulKadir
A# 78138052
% RT 3
Box No 22 - 100
Newton, Texas 75966
12/13/02

Mr Uthman
   Dear Sir,
       As my deportation officer,
you've already known my situation, I have
finally make up my mind, to sign all
the nescesary documents in oder for
me to be deported.
    There is one importante issue I would
like to discuss with you concerning the
country that would be easy for you to
deport me too, I have left a message on
your office but I would appreciate it if
you can come and see me or you hav
me transported down to your office
so that we can finalise every thing.
your co-operation is hingly anticipated
thank very much
                    Your Sincerely
                      Salim

EXHIBIT   3

DECISIONS TO CONTINUE DETENTION OF MAY AND OCTOBER 2001



**U.S. Department    Justice**
Immigration and Naturalization Service

HQPDU
Washington, DC 20536

A78138052

Abdulkadir SALIM
C/O. U.S. Immigration & Naturalization Service
Houston District Office
126 Northpoint Drive
Houston TX, 77060

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and/or your personal interview and any consideration of the information submitted to INS' reviewing officials in support of your application for release.

The INS is pending receipt of your travel document and you will be removed in the reasonably foreseeable future.

You may submit evidence to the contrary if you believe your removal is not possible in the reasonably foreseeable future. You must submit evidence that your removal is not imminent for reconsideration. You must also prove that you are taking positive measures to facilitate your removal from the United States.

You may send this evidence to the Headquarters Post Order Unit (HQPDU), 801 I St, NW, Washington, DC 20536, Room 800.

Tomás Cur

Signature of HQPDU Director/Designated Representative

10/12/61

Date



**U.S. Department of Justice**
Immigration and Naturalization Service

---

*126 Northpoint Drive*
*Houston, Texas 77060*

May 10, 2001

Abdulkadir SALIM
A78 138 052
c/o Fort Bend County Jail
1410 Ransom Road
Richmond, TX  77469

## Decision to Continue Detention
## Following File Review

This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

You are not being released because (attach additional sheets if necessary):

You have not fully cooperated with Service efforts to remove you from the United States. On April 17, 2001, you refused, by force, to board Air France flight 054. As a result of your statements and actions you have been determined to pose a flight risk if released from INS custody

The INS will conduct another review of your custody status within six months of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: ___The POCR Unit_____ at:
                                                                    (Officer Name)

126 Northpoint, Houston, Texas 77060_____
                              (Address)

_____          5-10-01
Signature of District Director/Designated Representative          Date

(Page 1 of 2)